IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3079-D

| | |
|---|---|
| CARNELL LILTON WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNKNOWN DEFENDANT, ) | |
| ) | |
| Defendant. ) | |

On April 2, 2015, Carnell Lilton Washington ("plaintiff" or "Washington"), a pretrial detainee proceeding pro se, filed a complaint under 42 U.S.C. § 1983. Compl. [D.E. 1]. Washington proceeds in forma pauperis. [D.E. 2, 7]. As explained below, the court dismisses the action as frivolous. See 28 U.S.C. § 1915A.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). The

Supreme Court's holding in Erickson v. Pardus, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 677; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). To make out a prima facie case that pretrial confinement conditions violate the Due Process Clause, "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson

2

v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis omitted) (quotation omitted). The second showing "requires [the court] to determine whether subjectively the officials acted with a sufficiently culpable state of mind." Id. (alteration, emphasis, and quotation omitted).

To satisfy the subjective prong, a plaintiff must prove that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "While . . . deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when he actually knows of and disregards "an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 836–38; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 206 (4th Cir. 2008).

Essentially, Washington alleges that jail officials violated his constitutional rights by continuing to detain him after the dismissal of his misdemeanor charges. He states,

> On 12/21/14 I was arrested for 1 count of misdemeanor second degree trespassing & 2 counts of misdemeanor larceny. On Jan 13, 2015, I was charged with habitual larceny. On March 3 2015 I went to court and was told my misdemeanor charges was di[s]missed on Jan 23, 2015, rendering my habitual felony charge[] lacking. I expect to be release[d] on March 27, 2015[.]

Compl. 3 [D.E. 1]; see also [D.E. 1-1] 1–4 (exhibits indicating dismissal of misdemeanor charges and pending "habitual larceny" charges). Washington has not been released, and he "expect[s] to be renumerated [sic] accordingly[.]" Compl. 4.

3

Like other detainees who raise Due Process or Eighth Amendment challenges to their confinement conditions, Washington must show that jail officials acted with deliberate indifference. "[T]he Due Process Clause of the Fourteenth Amendment guarantees to individuals the right to be free from excessive continued detention after a jail or prison ceases to have a legal right to detain the individual." Powell v. Sheriff, Fulton Cnty. Georgia, 511 F. App'x 957, 960 (11th Cir.) (citations omitted), cert. denied sub nom. Matkin v. Barett, 134 S. Ct. 513 (2013); see Golson v. Dep't of Corr., 914 F.2d 1491, 1990 WL 141470, at *1 (4th Cir. 1990) (per curiam) (unpublished table decision); Coker v. Bodiford, No. CIV.A. 4:10-00249, 2010 WL 4392567, at *2 (D.S.C. Oct. 29, 2010) (unpublished); Holder v. Town of Newton, 638 F. Supp. 2d 150, 153–55 (D.N.H. 2009) (collecting cases). It is not enough, however, for Washington to assert that he should have been released: he must plausibly allege facts showing that a named defendant "acted with deliberate indifference[]" to his improper detention. Powell, 511 F. App'x at 961 (quotation omitted); see, e.g., Harris v. Payne, 254 F. App'x 410, 420–21 (5th Cir. 2007) (per curiam) (unpublished); Golson, 1990 WL 141470, at *1; Coker, 2010 WL 4392567 at *2–3. Specifically, he must plausibly allege that a jail official actually knew of and disregarded a serious risk that he was being improperly detained.[1]

Washington has failed to state a claim. He does not plausibly allege that any jail official was aware that he should be released or somehow prevented his release. Nor does he explain why the additional pending charges—even if they are "lacking" as he contends—do not authorize jail

---

[1] To the extent Washington believes that the fault for his continued detention lies with any court employee or the State of North Carolina, these potential defendants are immune from suit. See, e.g., Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–71 (1989); Briscoe v. LaHue, 460 U.S. 325, 335 (1983); Quern v. Jordan, 440 U.S. 332, 337 (1979); Pierson v. Ray, 386 U.S. 547, 553–54 (1967); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002); Brooks v. George Cnty., 84 F.3d 157, 167–69 (5th Cir. 1996); Wiley v. Buncombe Cnty., 846 F. Supp. 2d 480, 485 (W.D.N.C.), aff'd, 474 F. App'x 285, 286 (4th Cir. 2012) (per curiam) (unpublished).

4

officials to keep him in custody. "Whatever claims this situation might give rise to under state tort law, ... it gives rise to no claim under the United States Constitution." Baker v. McCollan, 443 U.S. 137, 144 (1979); see, e.g., Randall v. Prince George's Cnty., 302 F.3d 188, 209 & n.29 (4th Cir. 2002); Brooks, 84 F.3d at 169. Thus, the court dismisses the claim.

To the extent Washington challenges the validity of any remaining pending criminal proceedings against him based on the dismissal of the misdemeanor charges, he must plausibly allege that the underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Washington asserts the remaining pending charges are "lacking," but he has failed to make the allegations that Heck requires. Washington must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–47 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 900–01 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Thus, the claim is dismissed as frivolous.

In sum, the court DISMISSES this action as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case.

SO ORDERED. This 27 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge